# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MILLER, | No. 4:19-CV-01611 |
| Plaintiff, | (Judge Brann) |
| v. | |
| O'BRIEN CONSTRUCTION, INC., and BRE RC MONROE MP PA, L.P., | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 12, 2020

Plaintiff Michael Miller brings this action to recover for harm arising from alleged nonpayment for a subcontracting agreement. Defendants O'Brien Construction, Inc. and BRE RC Monroe MP PA, L.P. ("Monroe") have separately moved to dismiss Miller's claims.[1] For the reasons set forth below, the motions are granted.

---

[1] Mot. of Def. O'Brien Construction Inc. to Dismiss Pl.'s Compl., ECF No. 11; Mot. to Dismiss Compl., ECF No. 12.

## I. BACKGROUND[2]

Miller is an electrician who regularly conducts business under the name "Pro-Electric."[3] On February 9, 2019, Miller and O'Brien Construction executed a contract for Miller to perform electrical work for the construction of a Ross Dress for Less store in Selinsgrove, Pennsylvania.[4] In the subcontract, "Pro Electric Inc." is identified as the subcontractor, and Miller is identified as Pro-Electric's "Contact."[5] Miller began work at the site, but O'Brien Construction failed to provide necessary workers and materials and withheld payment from Miller.[6] Monroe is O'Brien Construction's parent company.[7]

## II. LEGAL STANDARD

A plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] A claimant must state a plausible claim for relief.[9] "A claim has facial plausibility when the pleaded factual content

---

[2] The facts in this section are drawn from Miller's complaint and its attached exhibits. *See Sherman v. John Brown Ins. Agency Inc.*, 38 F. Supp. 3d 658, 662–63 (W.D. Pa. 2014). As is appropriate on a motion to dismiss, I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*

[3] Compl. ¶ 10, ECF No. 1.

[4] *Id.* at ¶¶ 16–18.

[5] Compl. Ex. A *3, ECF No. 1-1.

[6] Compl. at ¶¶ 32–49.

[7] *Id.* at ¶¶ 26–27.

[8] Fed. R. Civ. P. 8.

[9] *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (*citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The plaintiff's factual allegations must rise above the speculative level, but the plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element."[11] A court ruling on a motion to dismiss must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[12]

### III. DISCUSSION

Both Defendants advance arguments in their motions to dismiss premised on drawing a distinction between Miller and Pro-Electric as legal entities. This is a false premise. As pleaded, Pro-Electric is merely a fictitious name used by Miller in his sole proprietorship.[13] "Under Pennsylvania law, 'the use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name. The business name is a fiction, and so too is any suggestion the business is a legal entity separate from its owner.'"[14] In other

---

[10] *Thompson*, 748 F.3d at 147.

[11] *Id.*

[12] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[13] Compl. at ¶ 10.

[14] *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (*quoting Burlington Coat Factory of Pa., LLC v. Grace Const. Mgmt. Co., LLC*, 126 A.3d 1010, 1024 (Pa. Super. 2015)).

words, Pro-Electric *is* Miller, and the claims belong to him. For that reason, I deny Defendants' motions to dismiss on the grounds regarding Federal Rule of Civil Procedure 17 and failure to state a claim.[15]

However, the Pennsylvania Fictitious Names Act bars entities that have failed to register a fictitious name from maintaining any action in Pennsylvania courts.[16] Miller appears to concede that he has not registered the Pro-Electric name. A party with an unregistered trade name may be exempt from the Fictitious Names Act's bar if it sufficiently pleads facts showing that the opposing party had "full knowledge of the party's true identity notwithstanding the fictitious name."[17] Miller's complaint does not plead these facts. I therefore dismiss his complaint without prejudice, and I grant leave to amend to include these allegations.[18] In the alternative, on amendment, Miller may wish to plead facts showing that he has registered the name and paid the civil penalty, if applicable, following the issuance of this Memorandum Opinion.[19]

---

[15] Even if Defendants were correct that Miller was not the real party in interest under Rule 17, the proper remedy would be "for the real party in interest to ratify, join, or be substituted into the action," not dismissal of the claims. Fed. R. Civ. P. 17(a)(3).

[16] 54 Pa. C.S. § 331(a) ("No entity which has failed to register a fictitious name as required by this chapter shall be permitted to maintain any action in any tribunal of this Commonwealth until such entity shall have complied with the provisions of this chapter.").

[17] *George Stash & Sons v. New Holland Credit Co., LLC*, 905 A.2d 541, 543 (Pa. Super. 2006).

[18] *See Johnson v. Laureland Builders*, 11 Pa. D. & C. 4th 271, 273 (Pa. Ct. Common Pleas 1991) (granting leave to amend complaint where plaintiff failed to specifically plead defendant's knowledge of plaintiff's identity); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

[19] *See Johnson*, 11 Pa. D. & C. 4th at 273–74 (finding that registering trade name after complaint was filed was sufficient "substantial compliance" for purposes of 54 Pa. C.S. § 331(c)).

I do not grant Defendants' motions on the other grounds presented. Monroe next argues that this federal court lacks jurisdiction over Miller's mechanic's lien claim pursuant to Pennsylvania Rule of Civil Procedure 1653. However, that rule contains no jurisdictional component, and Monroe cites no authority indicating that it has been interpreted to have one. Rather, Rule 1653 is merely instructive on how to file a mechanic's lien action in Pennsylvania state courts. This rule has no bearing on this action—federal courts apply the federal rules for procedure.[20]

Finally, Monroe argues that Miller's mechanic's lien claim was released when Monroe posted a bond in the Court of Common Pleas of Snyder County. Monroe confuses the lien itself with the claim underlying the lien. The bond is a form of collateral. Posting a bond under 49 Pa. C.S.A. § 1510 discharges the lien on the property because it obviates the need to encumber the property to ensure satisfaction of the alleged debt.[21] However, a judicial action is still required to obtain judgment on a claim.[22] Monroe's reading of § 1510 would functionally render Pennsylvania's

---

[20] *Gillon v. Bernstein*, 218 F. Supp. 3d 285, 300 (D.N.J. 2016).

[21] *See* 49 Pa. C.S.A. § 1510(a) ("Any claim filed hereunder shall, upon petition of the owner or any party in interest, be discharged as a lien ***against the property*** whenever a sum equal to the amount of the claim shall have been deposited with the court in said proceedings for application to the payment of the amount finally determined to be due. (emphasis added)); *see also Schellentrager v. O'Donnell*, 44 Pa. Super. 43, 44 (Pa. Super. Ct. 1910) ("[S]igners of the bond and the court made an order discharging the mechanic's lien as against the property described therein, and striking said lien from the judgment index, and that the said plaintiff should thereafter look to the said bond for the security for his said mechanic's claim in accordance with the act of assembly.").

[22] *See* 49 Pa. C.S.A. § 1706(a) ("No execution shall issue against the property subject to a claim except after judgment shall have been obtained upon the claim . . . .").

mechanic's lien law unworkable by immunizing debtors from judgments simply by the posting of a bond. I will not adopt that interpretation.[23]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 11, 12) are **GRANTED**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[23] *See* 1 Pa. C.S.A. § 1922(1) ("[T]he General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."); 1 Pa. C.S.A. § 1922(2) ("[T]he General Assembly intends the entire statute to be effective and certain.").