## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL MILLER,

        Plaintiff,

    v.

O'BRIEN CONSTRUCTION, INC.,
and BRE RC MONROE MP PA, L.P.,

        Defendants.

No. 4:19-CV-01611

(Judge Brann)

## MEMORANDUM OPINION

### MAY 21, 2020

This action arises from alleged nonpayment for electrical work performed under a subcontracting agreement. I previously dismissed Plaintiff Michael Miller's complaint without prejudice for failing to plead facts sufficient to demonstrate compliance with the Pennsylvania Fictitious Names Act, 54 Pa. C.S.A. § 331. Miller filed an amended complaint, which Defendants O'Brien Construction, Inc. and BRE RC Monroe MP Pa, L.P. now move separately to dismiss.[1]

Miller is an electrician operating as a sole proprietor who regularly conducts business under the name "Pro-Electric." On January 29, 2018, Miller registered the

---

[1] Defendant O'Brien Construction, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, Doc. 23; Motion to Dismiss Amended Complaint, Doc. 26. I deny Miller's request to treat these as motions for summary judgment. For the familiar legal standard applied to a motion to dismiss, *see* Memorandum Opinion 2–3, Doc. 18.

fictitious business name "Miller Pro-Electric" with the Pennsylvania Secretary of State, and on February 21, 2020 (following my Order dismissing his complaint), Miller registered the name "Michael Miller Pro-Electric."[2] In the contract at issue in this case, executed on February 9, 2019, Miller signed on behalf of "Pro Electric Inc."

The Fictitious Names Act at Section 331 bars entities that have failed to register a fictitious name from bringing actions in the courts of Pennsylvania until they have complied with the registration requirements for fictitious names. This provision is intended "'to protect persons giving credit in reliance on the fictitious name, and to definitely establish the identity of the individuals owning the business, for the information of those who might have dealings with the concern.' In other words, the act prevents an entity from concealing its true identity from those parties with which it does business."[3] It was not intended to "relieve debtors from their honest obligations," and it is construed narrowly.[4] In this spirit, § 331(c) exempts plaintiffs who have substantially, if perhaps not perfectly, complied with registration requirements from the Fictitious Names Act's bar.

The § 331(c) exemption applies to Miller. Miller tried in good faith to comply with Pennsylvania's registration requirements. He signed the contract on

---

[2] Compl. ¶¶ 85–86.
[3] *Johnson v. Laureland Builders*, 11 Pa. D. & C. 4th 271, 272–73 (Pa. Ct. Common Pleas 1991) (*quoting Ross v. McMillan*, 93 A.2d 874, 875 (Pa. Super. Ct. 1953)).
[4] *Ross*, 93 A.2d at 875.

behalf of "Pro Electric Inc.," which is very similar to the fictitious name he had registered a year prior, "Miller Pro-Electric." Miller is not a lawyer and did not retain one for this contract, and it is understandable that he did not realize that "Inc." is a term of art indicating a particular form of corporate organization. Miller did not intend to deceive Defendants about or conceal his true identity, and any suggestion that he did is undermined by his prior registration of the similar "Miller Pro-Electric." Nor is there any indication that Defendants subjectively believed Miller was anything other than a sole proprietor: Miller pleads in his amended complaint that Defendants "had full knowledge of Plaintiff's true identity notwithstanding the fictitious name."[5] Interpreting the amended complaint's allegations in the light most favorable to Miller, he has substantially complied with the fictitious-name registration requirements.

Defendants' arguments under the real-party-in-interest doctrine and Pennsylvania Rule of Civil Procedure 1653 are the same arguments that I considered and rejected in my prior Memorandum Opinion.[6] They are properly raised here in response to the amended complaint, but I reject them for the reasons explained before and do not retread that ground here.

For the reasons above, Defendant O'Brien Construction, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 23) and Defendant BRE RC

---

[5]  Compl. ¶ 106.
[6]  *See* Memorandum Opinion 3–6, Doc. 18.

Monroe MP PA, L.P.'s Motion to Dismiss Amended Complaint (Doc. 26) are

**DENIED**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge