## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL MILLER,

          Plaintiff,

    v.

O'BRIEN CONSTRUCTION, INC.,
and BRE RC MONROE MP PA, L.A,

          Defendants.

No. 4:19-CV-01611

(Judge Brann)

## MEMORANDUM OPINION

### FEBRUARY 11, 2021

Before this Court is Defendant O'Brien Construction, Inc.'s motion seeking leave to file its second amended answer under Federal Rule of Civil Procedure 15(a).[1]  This case arises from a contract dispute between O'Brien and Plaintiff Michael Miller regarding a construction project with which Miller was employed.

This motion is now ripe for disposition.  For the following reasons, O'Brien's motion is granted.

## I.  BACKGROUND

This case revolves around a dispute regarding O'Brien's alleged nonpayment for services rendered by Miller in connection with a construction project.  Miller is an electrician conducting business under the tradename "Pro

---

[1]  Doc. 81.

Electric."[2]  O'Brien is an Ohio-based general contractor; it hired Miller in February 2019 to complete electrical work on a construction project in Selinsgrove, Snyder County, Pennsylvania.[3]

After O'Brien allegedly failed to pay Miller for his work, Miller filed suit against O'Brien in September 2019.[4]  Miller amended his complaint in February 2020.[5]  Soon after, O'Brien moved to dismiss Miller's complaint.[6]  This motion was denied in May 21, 2020, however, and O'Brien was directed to file any responsive pleadings within fourteen days.[7]  O'Brien timely filed its answer, including two counterclaims, on June 4, 2020.[8]

Miller moved to dismiss O'Brien's counterclaims on June 25, 2020.[9]  In response, O'Brien filed an amended answer twenty-one days later on July 16, 2020.[10]  O'Brien concedes that it was not entitled to this amendment as of right under Rule 15(a).[11]  Nevertheless, O'Brien filed the amended answer without consent and without seeking leave of court.[12]  Consequently, on December 14, 2020, the Court dismissed O'Brien's answer on the sole basis that it violated the

---

[2]  Doc. 20.
[3]  *Id.*  The owner of this project, BRE RC Monroe MP PA, LP is the second defendant.  *Id.*
[4]  Doc. 1.
[5]  Doc. 20.
[6]  Doc. 23.
[7]  Doc. 34.
[8]  Doc. 35.
[9]  Doc. 39.
[10]  Doc. 57.
[11]  Doc. 82 at 2 n.1.
[12]  *Id.* at 2.

requirements of Rule 15(a).[13]  However, the Court permitted O'Brien to file a

motion seeking leave to amend within fourteen days.[14]

Importantly, *after* O'Brien had improperly filed its amended answer, but

*before* the answer was dismissed, the Court set the deadline for filing amended

pleadings on August 30, 2020.[15]  O'Brien's present motion has been filed after the

August 2020 deadline and is thus in violation of the Court's scheduled deadline for

filing amended pleadings.

## II.    LEGAL STANDARD

Leave to amend is usually governed by Rule 15 of the Federal Rules of Civil

Procedure.  Rule 15(a) states that once a party has exhausted their right to amend,

that party "may amend its pleading only with the opposing party's written consent

or the court's leave."[16]  The Rule further states that leave to amend "shall be freely

given when justice so requires."[17]  Rule 15(a) is to be construed broadly; "[i]f the

underlying facts or circumstances relied upon by a plaintiff may be a proper

subject of relief, he ought to be afforded an opportunity to test his claim on the

---

[13]  Doc. 80.

[14]  *Id.*

[15]  Doc. 69.

[16]  Fed. R. Civ. P. 15(a)(2).

[17]  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded.").

merits."[18]  "This liberal amendment regime helps effectuate the 'general policy

embodied in the Federal Rules favoring resolution of cases on their merits.'"[19]

"However, [Rule 15(a)] is in some tension with the rule that governs

scheduling orders, Federal Rule of Civil Procedure 16."[20]  Rule 16(b) provides

that, once a district court has issued a scheduling order, that order may be modified

"only for good cause and with the judge's consent."[21]  And the United States Court

of Appeals for the Third Circuit has made clear that parties seeking to amend their

complaint after a scheduling deadline has passed must first satisfy the "good

cause" standard of Rule 16(b).[22]  Once the party has demonstrated good cause,

only then will the court consider their request to amend under the more liberal

standard of Rule 15(a).[23]

## III.   DISCUSSION

O'Brien makes two arguments.  First, it maintains that its counterclaims

were properly amended on July 16, 2020.  O'Brien asserts that it was entitled to

amend its a matter of course and thus that the counterclaims were appropriate.

Second, O'Brien asks this Court for leave to amend its answer.  O'Brien does so on

---

[18]  *Backof v. New Jersey State Police*, 92 Fed. Appx. 852, 858 (3d Cir. 2004) (quoting *Foman*, 371 U.S. at 182).

[19]  *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

[20]  *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011).

[21]  Fed. R. Civ. P. 16(b)(4).

[22]  *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

[23]  *Id.* (internal citations omitted).

several bases, including: that it is exempt from meeting the good cause standard of Rule 16(b), that, alternatively, it satisfies the Rule 16(b) standard, and that leave to amend is appropriate under Rule 15(a).

### A. Counterclaims

Leave to amend O'Brien's counterclaims is granted.  Rule 15(a)(1)(B) authorizes amendment as a matter of course of any pleading to which a responsive pleading is required, so long as any amendment is sought within twenty-one days after a responsive pleading, or a motion to dismiss under Rule 12(b), is served.[24] O'Brien's counterclaims required a responsive pleading.  Accordingly, O'Brien had twenty-one days from the date that Miller filed a responsive pleading or a motion to dismiss to amend its counterclaims as of right.

Miller filed his motion to dismiss O'Brien's counterclaims on June 25, 2020, and O'Brien amended its counterclaims exactly twenty-one days later on July 16, 2020.  This fact is undisputed, and it is clear that O'Brien was entitled to amend its counterclaims as of right under Rule 15(a).  Consequently, O'Brien's motion to amend its counterclaims is granted without further need for analysis.

---

[24]   Fed. R. Civ. P. 15(a)(1)(B).

### B.    Amended Answer

### 1.    Exception to Rule 16

In seeking leave to amend its answer, O'Brien first argues that it should be exempted from the requirements of Rule 16(b).  O'Brien's assertion unfolds in three logical steps:

- Generally, when a party has improperly filed an amended pleading without first seeking leave, a court has discretion to deem the pleading properly amended if leave would have been granted anyways under Rule 15(a) and such a construction would not prejudice the opposing party;

- O'Brien improperly filed an amended complaint on July 16, 2020, before the deadline for amended pleadings had passed;

- As a result, if the Court now finds that leave to file that same amended complaint is appropriate under Rule 15(a), it should deem the amendment to have been filed on July 16, 2020 and thus decline to apply the Rule 16(b) good cause standard.

Though the Court is considerate of O'Brien's predicament, it cannot accept O'Brien's reasoning.  O'Brien is correct that it may be appropriate to let an amended pleading lie even where the party filing it has failed to seek leave of court.[25]  Nevertheless, this procedure is most often applied when considering a

---

[25] *See White v. SKF Aerospace, Inc.*, 768 F. Supp. 498, 501 (E.D. Pa. 1991); *see Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425-26 (3d Cir. 1985).  *But see United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect."); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Because [the plaintiff's] amended complaint was not properly filed pursuant to Rule 15, it had no legal effect and did not supersede his original complaint."); *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, *it is without legal effect and any new matter it contains will not be considered unless the amendment is*

motion to *strike* the pleading as having been improperly filed.[26]  This is consistent with the principle that, where leave to amend would have been granted anyways, it is more expeditious to simply get on with the litigation rather than have the parties file an essentially pro forma motion to that effect.[27]

Here, however, the Court has already struck O'Brien's amended answer as improperly filed.  The Court did so, at least in part, on the basis that neither party had actually briefed whether O'Brien's amended answer satisfied the requirements of Rule 15(a).  But once O'Brien's amended answer was stricken, the Court lost any authority it had to waive the procedural barriers blocking O'Brien from properly seeking leave to amend.  The Court is not aware of any law or rule authorizing a district to reconstrue an amended pleading as filed earlier simply as a matter of judicial discretion.[28]

---

     *resubmitted for the court's approval*.") (emphasis in original) (internal quotation marks omitted) (quoting 6 Fed. Practice & Proc. § 1485 at 421 (1971)).

[26]  *E.g.*, *Hicks v. Resolution Trust Corp.*, 757 F. Supp. 167, 170 (N.D. Ill. 1991); *American Angus Ass'n v. Sysco Corp.*, 865 F. Supp. 1174, 1175 (W.D.N.C. 1993); *Straub v. Desa Indus., Inc.*, 88 F.R.D. 6, 9 (M.D. Pa. 1980).

[27]  *See Straub*, 88 F.R.D at 9 (citing "the goal of Rule 14 to promote judicial efficiency by eliminating circuity of action" as justification for construing an amendment as properly filed even though it was sought in technical violation of Rule 15(a)).

[28]  Some courts have considered whether an improperly filed pleading should nevertheless be deemed as having been filed earlier for purposes of determining the applicability of statutes of limitations under Rule 5.  *E.g.*, *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295-96 (5th Cir. 2003); *Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326, 329 (4th Cir. Sept. 13, 2012).  O'Brien does not attempt to explain why such an outcome is warranted here, where the Court is not addressing Rule 5.  Consequently, the Court will not analyze the applicability of these decisions.

Accordingly, because O'Brien's motion seeking leave to amend was filed after the August 30, 2020 deadline, O'Brien must establish that it satisfies the requirements of both Rule 16(b) and Rule 15(a).

### 2. Rule 16

O'Brien satisfies the good cause standard of Rule 16(b). As stated above, a district court's scheduling order "may be modified only for good cause."[29] The moving party bears the burden of establishing "good cause."[30] Analysis under Rule 16(b)(4) "focuses on the diligence of the party seeking the modification of the scheduling order."[31] Accordingly, if the moving party "was not diligent, there is no 'good cause' for modifying the scheduling order."[32]

Further, "[c]arelessness, or attorney error . . . is insufficient to constitute 'good cause' under Rule 16(b)."[33] And where "the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent."[34] This presumption "may be rebutted by a cogent explanation as to why the proposed amendment was not

---

[29] Fed. R. Civ. P. 16(b)(4).

[30] *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 119 (W.D. Pa. 2010).

[31] *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010) (internal citations omitted); *see Sang Geol Lee v. Won Il Park*, 720 Fed. Appx. 663, 669 (3d Cir. 2017) (affirming the district court's decision to deny leave to amend because the moving party's attorney was "not diligent in seeking amendment").

[32] *Banks v. City of Philadelphia*, 309 F.R.D. 287, 290 (E.D. Pa. 2015) (quoting *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007 (Robreno, J.)).

[33] *Id.* (quoting *Chancellor*, 501 F. Supp. 2d at 701-02).

[34] *Price*, 737 F. Supp. 2d at 279 (citing *Chancellor*, 501 F. Supp. 2d at 702).

included in the original pleading."[35]  But in the absence of diligence, there is no "good cause."[36]

The Court concludes that O'Brien has demonstrated good cause.  Though O'Brien acknowledges its error in mistakenly believing it was entitled to amend its answer as of right under Rule 15(a), O'Brien has diligently attempted to rectify this error since it came to light.  After O'Brien improperly filed its amended answer, time was needed to adjudicate Miller's subsequent motion to strike.  It is neither party's fault that Miller's motion was ultimately decided past the August 30, 2020 deadline.  And the Court cannot find that O'Brien has not been diligent since the Court struck O'Brien's previous answer on December 14, 2020.

This is case is also unlike *Bolus v. Carnicella*,[37] which Miller cites in opposition.  There, the plaintiffs seeking leave to amend entirely failed to address the Rule 16(b) good cause standard.[38]  Moreover, the plaintiffs there filed their motion nearly sixteen months after the deadline for amended pleadings had passed.[39]  In contrast, O'Brien sought leave within fourteen days of the first opportunity to do so.  Finally, the plaintiffs in *Bolus* were in a different stage of litigation; while discovery there was wrapping up, discovery here is still ongoing

---

[35]  *Id.*  (citing *Chancellor*, 501 F. Supp. 2d at 702).
[36]  *Chancellor*, 501 F. Supp. 2d at 702.
[37]  2020 WL 6203056 (M.D. Pa. Oct. 22, 2020).
[38]  *Id.* at *3.
[39]  *Id.* at *2.

and yet to be completed.  Consequently, the Court finds *Bolus* distinguishable and concludes that O'Brien has shown good cause.

### 3.     Rule 15(a)

The Court concludes leave to amend is appropriate under Rule 15(a).  Rule 15(a) "provides, in pertinent part, that after a responsive pleading, a party may amend its pleading 'only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'"[40]  "[I]n the absence of substantial or undue prejudice to the nonmoving party . . . 'denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'"[41]

Miller makes two arguments in opposition to O'Brien's motion.  First, he contends that allowing O'Brien to file its proposed amended answer as-is would result in substantial prejudice.  Specifically, Miller claims that O'Brien's amended answer seeks to withdraw three factual admissions (from paragraphs 19, 47, and 48) to which Miller is entitled.  Miller would thus have the Court deem these responses as admissions or deny O'Brien leave to amend entirely.

---

[40]  *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (quoting Fed. R. Civ. P 15(a)).

[41]  *Id.* (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993), *abrogated by statute on other grounds as recognized by In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 194-95 (3d Cir. 2007)); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)) ("This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'").

The Court is unconvinced.  In *West Run Student Housing Associates v. Huntington National Bank*, the United States Court of Appeals for the Third Circuit held that a plaintiff may amend his or her complaint to omit previously alleged facts for the sole purpose of avoiding dismissal.[42]  There, the plaintiff had amended her* complaint as of right under Rule 15(a) and withdrew certain judicial admissions.  In response, the defendant* moved to dismiss the amended complaint, or to construe the withdrawn allegations as admissions.  The district court agreed with the defendant, but the Third Circuit reversed on the basis that a plaintiff may withdraw judicial amendments under Rule 15(a).[43]

Miller's argument boils down to an assertion that O'Brien's amended answer withdraws factual admissions and that this is prejudicial because those admissions were material to Miller's claims.  Altering a pleading likely always causes some inconvenience to the opposing party.  But just because withdrawing an admission makes Miller's case more difficult does not mean that it is prejudicial for purposes of Rule 15(a), or that such a result is impermissible under the Federal Rules.[44]  More importantly, *West Run* and its reasoning foreclose Miller's

---

[42]  712 F.3d 165, 171 (3d Cir. 2013) ("This Court and several of our sister courts have recognized that judicial admissions may be withdrawn by amendment.") (collecting cases).
[43]  *Id.* at 171-72.
[44]  *See id.* ("Plaintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss . . . That is so even when the proposed amendment flatly contradicts the initial allegations.").

contentions.  Consequently, the Court concludes that the amended answer's factual withdrawals are insufficient to justify a denial of leave to amend.

Second, Miller argues that three paragraphs in the amended answer, which use a "denied as stated" response, run afoul of Rule 8(b) pleading requirements because they constitute equivocal denials.  Miller maintains that this has frustrated his ability to identify the basis for O'Brien's denial, especially because O'Brien's previous response in its original answer had provided factual clarification of the basis for their "denied as stated" response.  In support, Miller cites several cases where courts have concluded that a response of "denied as stated," on its own, was deemed insufficient under Rule 8(b).

Miller's argument falls flat because it presumes an unwarranted conclusion. Though the decisions Miller cites serve as examples of where a bare "denied as stated" was considered insufficient and unresponsive, these cases were decided under different rules and thus in different contexts.[45]  Though the Federal Rules of Civil Procedure exist in tandem, each rule is distinct; it is thus generally ill-advised to assume that the standards governing one rule are necessarily applicable to another.  Miller was free to argue *why* cases addressing Rule 36 and Local Rule 56.1 apply here, but instead, he merely assumed the result.  Consequently, this cannot warrant denial of O'Brien's motion.

---

[45]   *E.g.*, *Bernard v. East Stroudsburg Univ.*, 2014 WL 145913, at *1-2 (M.D. Pa. April 14, 2014) (Local Rule 56.1); *Phila. Gear Corp. v. Techniweld, Inc.*, 1992 WL 99622, at *2-3 (E.D. Pa. May 1, 1992) (Rule 36).

## IV.   CONCLUSION

O'Brien's motion seeking leave to amend its answer is granted.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge